IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN LAMOUNT MOTON | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-5014 |
| | : | |
| OFFICER BRANDON HARRIS et al | : | |

McHugh, J.                                                                                                               August 4, 2021

**MEMORANDUM**

This case involves a claim of excessive force against two Coatesville police officers brought under 42 U.S.C. § 1983. Plaintiff seeks leave to file a second amended complaint, to include new claims for assault, battery, and loss of consortium. For the reasons below, the motion will be granted in part and denied in part.

### I. Factual Background

Plaintiff alleges that during the course of an arrest in September 2019, Defendant Officers Harris and Thompson used excessive force, in violation of his constitutional rights. *See* Am. Compl. ¶¶ 28-29, ECF 11. Specifically, he alleges that Defendants "threw [Plaintiff] down on the ground with great physical force" and "jumped on Plaintiff's back and put his left arm behind his back" resulting in a serious shoulder injury that requires surgery. *Id.* ¶¶ 9-11.

Plaintiff filed this action on October 25, 2019. *See* Compl., ECF 1. After retaining counsel, he then filed an amended complaint on January 8, 2020. *See* Am. Compl. Plaintiff moved for, and received, several extensions of the discovery deadline. All fact discovery was ordered to be completed by July 15, 2021. *See* Order, ECF 46; Order, ECF 44. Defendants represent that the

depositions of all named parties were taken in January 2021. *See* Def. Resp. in Opp'n to Pl. Mot. for Leave to File Second Am. Compl. at 5, ECF 57.

Shortly before the close of discovery, on June 17, 2021, Plaintiff filed a motion for leave to file a second amended complaint. *See* Motion, ECF 48. In that motion, Plaintiff sought to add a claim for loss of consortium on the part of his wife. *Id.* Defendants opposed that motion, arguing that loss of consortium is not a cognizable claim for alleged constitutional injuries. *See* Def. Resp., ECF 50. Plaintiff then withdrew that motion, and filed the current motion, seeking to include claims for state law assault and battery in addition to the loss of consortium claim. *See* Motion for Leave to File, ECF 52. Defendants object. *See* Def. Resp., ECF 57.

## II. Legal Standard

Federal Rule of Civil Procedure 15 requires that a party seeking to amend its pleading more than twenty-one days after service may only do so with the court's leave. *See* FED. R. CIV. P. 15(a)(2). Courts should "freely give leave when justice so requires." *Id.* While the decision to grant or deny leave is within the court's discretion, "outright refusal to grant the leave without any justifying reason appearing for the denial is . . . merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Foman*, 371 U.S. at 182).

## III. Discussion

Plaintiff seeks leave to amend almost eighteen months after filing his amended complaint, eight months after depositions were taken, and after discovery has closed. Although the leave

2

sought is certainly delayed, however, "delay alone is an insufficient ground to deny leave to amend." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted).

Rather, courts must focus on prejudice to the non-moving party that would result from granting leave to amend, as well as whether an unwarranted burden will be placed on the court. *Id.* Specifically, courts should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.* I conclude that the addition of the assault and battery claims would not cause prejudice to Defendants, but the addition of the loss of consortium claim at this late stage would. Accordingly, the assault and battery claims may be asserted, but the loss of consortium claim may not.[1]

### a.   The Assault and Battery Claims

In his proposed second amended complaint, Plaintiff alleges that Defendants committed assault and battery against Plaintiff, in violation of Pennsylvania law. Pl. Proposed Second Am. Compl. ¶¶ 26-29, Pl. Mot. Ex. 2, ECF 52-2.

Under Pennsylvania law, "[a] police officer may be held liable for assault and battery when a jury determines that the force used in making an arrest is unnecessary or excessive." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). The "reasonableness of the force" used during an arrest "determines whether the police officer's conduct constitutes an assault and battery." *Id.*

As explained above, Plaintiff's amended complaint filed in January 2020 alleges excessive force in violation of his constitutional rights. Defendants have therefore been on notice of this issue since the outset of the case. Indeed, Defendants discussed the use of force during their

---

[1] In his proposed second amended complaint, Plaintiff removes the counts alleging "Retaliation for Complaining of Police Misconduct" and "Equal Protection Violation." *Compare* Am. Compl. ¶¶ 23-27; *with* Prop. Sec. Am. Compl. Defendants do not address these changes and presumably would not be prejudiced by the deletions. Plaintiff may therefore keep these changes in the Second Amended Complaint

depositions, and Defendants' counsel argued in detail about that force in their response to Plaintiff's motion for summary judgment. *See* Def. Resp. in Opp'n Pl. Mot. Summary J. Ex. B, ECF 49-2; Def. Resp. in Opp'n Pl. Mot. Summary J. Ex. D, ECF 49-4; Def. Mem. Law at 5-8, ECF 49.

Due to the similarity between the assault and battery allegations and the existing excessive force claim, Defendants would not be prejudiced by the addition of this claim. Accordingly, Plaintiff's motion is granted as to these claims.

### b. The Loss of Consortium Claim

Plaintiff also seeks leave to add a claim for loss of consortium on behalf of Plaintiff's wife, alleging that she has "suffered the loss of affection, assistance and consortium from her husband that she would have received had he not been injured as a result of the acts of Defendants." Pl. Proposed Second Am. Compl. ¶ 32.

Unlike the claims for assault and battery, the loss of consortium claim would require significant additional discovery and resource expenditure on the part of Defendants. For example, Defendants credibly represent that they would seek the deposition of Plaintiff's wife, Lisa Depte, the re-deposition of Plaintiff as to limited issues, and possibly additional depositions or written discovery. *See* Def. Resp. at 11. Plaintiff does not provide any reason in his motion why this claim could not have been added earlier, and it is clear that its addition would result in significant additional "discovery, cost, and preparation to defend against new facts or new theories" by the non-moving party. *Cureton*, 252 F.3d at 273.

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978);

4

*see also Trueman v. City of Upper Chichester*, 289 F. App'x 529, 533 (3d Cir. 2008) (affirming the district court's denial of a motion for leave to amend the complaint after discovery had closed, since "new theories of liability so late in the game would have significantly altered the scope of the case to the prejudice of the defense.").

Accordingly, Plaintiff's motion is denied as to the claim for loss of consortium. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
